**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hersy Rodgers,<br><br>　　　　　The Plaintiff,<br><br>　　vs.<br><br>Reno Police Department,<br>Washoe County District Attorney's Office,<br><br>　　　　　Defendants. | 3:19-cv-168-RCJ-WGC<br><br>**ORDER** |

Before the Court is The Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1). Based on the information regarding The Plaintiff's financial status, the Court finds that The Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. The Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case where a court grants *in forma pauperis*. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). All or part of the complaint may be dismissed *sua sponte* if the Plaintiff's claims lack an arguable basis in law or fact. This includes claims based on legal

conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Dismissal for failure to state a claim is proper only if it is clear that the Plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the Plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers, but a plaintiff must provide more than mere labels and conclusions. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that *pro se* pleadings must be liberally construed); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## THE PLAINTIFF'S ALLEGATIONS

Here the Plaintiff sues Reno Police Department and Washoe County District Attorney's office under 42 U.S.C. § 1983 alleging that the Defendants racially discriminated, wrongfully imprisoned, and unlawfully arrested the Plaintiff. To state a claim under Section 1983, a the Plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.

Prosecutors enjoy absolute immunity and cannot be civilly liable for performance of their duties no matter how severe their misconduct may be. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Accordingly, the Court dismisses Washoe County District Attorney's office with prejudice from this case as no amendment can make the prosecutors civilly liable.

On the other hand, the police department may be liable, but the Plaintiff has not alleged sufficient facts to survive a dismissal of the case. To state a claim against a municipality under Section 1983, the Plaintiff must allege facts to support that his constitutional rights were violated due to a policy or custom of the municipality. *Corez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2001). Therefore, a plaintiff cannot state a Section 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the Plaintiff's alleged injury and explains how such a policy or custom caused his injury. *Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir. 2006). The Plaintiff has failed to identify any policy or custom that led to any of his claims.

Turning specifically to the Plaintiff's individual claims against the police department, in order to state a claim of unlawful arrest under Section 1983, the Plaintiff needs to allege: (1) that the he was arrested, (2) that the police officers did not have probable cause, and (3) that the police officers actions were motivated by a policy of the municipality (as stated above). *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012). Here, the Plaintiff did allege that he was arrested, but has offered no facts to support a finding that a policy motivated the alleged violation or that there was a lack of probable cause.

Next, racial discrimination is actionable under Section 1983 against a police department when it amounts to a violation of equal protection and the violation was motivated by a policy of the municipality. In order to state this claim, the Plaintiff needs to allege: (1) that the police officer(s) acted in a discriminatory manner, (2) that the discrimination was intentional, and (3) that

the police officer(s) were motivated by a policy of the police department. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736, 740 (9th Cir. 2000). Again, the Plaintiff has failed to allege the sufficient facts to support a finding of this claim. The Plaintiff needs to assert facts with particularity to support a finding of these elements against the police department. The Plaintiff claims that he was charged with felon in possession, because he is black. However, in Nevada, a police department does not have authority over who is charged and with what crime. *Cairns v. Sheriff, Clark Cty.*, 89 Nev. 113, 115 (1973) ("The matter of the prosecution of any criminal case is within the entire control of the district attorney . . . .") (citing Nev. Rev. Stat. § 173.045; Nev. Rev. Stat. § 252.110).

Lastly, the Plaintiff sues for "wrongful imprisonment," however, this does not neatly fit into a Section 1983 action. Inasmuch, as the Plaintiff is arguing that he should not be imprisoned, the Plaintiff must file a habeas corpus action. A Section 1983 action is not a proper remedy for a prisoner seeking damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). That is, if a judgment in favor of a prisoner in a Section 1983 case would "necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Since it decided *Heck*, the Supreme Court has further stated that "a state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's [Section] 1983 suit (state conduct leading to conviction or internal prison proceedings)" where "success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dodson*, 544 U.S. 74, 81–82. Accordingly, this claim is dismissed from this case; the Plaintiff needs to make this argument in a habeas corpus petition or appropriate state court procedure.

## LEAVE TO AMEND

The Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If the Plaintiff chooses to file an amended complaint, the Court advises him that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). The Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that The Plaintiff wishes to pursue in this lawsuit. Moreover, The Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if The Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, The Plaintiff will file the amended complaint within thirty days from the date of entry of this order. If the Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will proceed against Defendant Reno Police Department only.

## CONCLUSION

IT IS HEREBY ORDERED that The Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **granted**. The Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, under to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status will not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Washoe County Detention Center will pay to the Clerk of the United States District Court, District of Nevada, 20%

of the preceding month's deposits to the account of **Hersy Rodgers, #1901983** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If The Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Washoe County Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that The Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from The Plaintiff's account. The Clerk will send a copy of this order to the **Washoe County Detention Center Accounting Supervisor, 911 Parr Blvd., Reno, NV 89512**.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the case is dismissed with leave to amend.

IT IS FURTHER ORDERED that, if The Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, The Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court will send to The Plaintiff the approved form for filing a Section 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If the Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if The Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint in a separate screening order. The screening process will take several months.

IT IS FURTHER ORDERED that Washoe County District Attorney's Office is dismissed from the case with prejudice.

Dated this 21st day of May, 2019.

_____
ROBERT C. JONES
United States District Judge