UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HERSY RODGERS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RENO POLICE DEPARTMENT, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:19-CV-00168-RCJ-WGC<br><br>**ORDER** |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 alleging that the Defendants racially discriminated, wrongfully imprisoned, and unlawfully arrested Plaintiff. On May 21, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis*, and dismissed the complaint with leave to amend. (ECF No. 4). The Court noted that if the Plaintiff chooses to file an amended complaint curing the deficiencies, he shall do so within thirty days from May 21, 2019. The thirty day period to file an amended complaint has now expired.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of

complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order dismissing the case granted Plaintiff leave to file an amended complaint to cure the deficiencies and expressly stated: "the case is dismissed with leave to amend." (ECF No. 4). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint with the Court within thirty days.

1     IT IS HEREBY ORDERED that action is DISMISSED WITHOUT PREJUDICE
based on Plaintiff's failure to file an amended complaint.

IT IS FURTHER ORDERED that the Clerk of Court shall close the case.

IT IS SO ORDERED dated this 5th day of March, 2020.

_____
UNITED STATES DISTRICT JUDGE